# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| TRAVIS JOHNSON, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 4:19-cv-00020-CDL-MSH |
| MARK POST, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

## **ORDER**

*Pro se* Plaintiff Travis Johnson, an inmate presently incarcerated at the Ware State Prison in Waycross, Georgia, filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On April 11, 2019, Plaintiff was ordered to either pay the required $400.00 filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis* and to recast his Complaint using the Court's standard form. Plaintiff was also directed to notify the Court of any change in his mailing address. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Complaint. *See generally* Order, Apr. 11, 2019, ECF No. 9.

The time for compliance passed without a response from Plaintiff. Plaintiff was thus ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was warned that failure to respond to the Court's order would result in the dismissal of his Complaint. *See generally* Order, May 29, 2019, ECF No. 10.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

**SO ORDERED**, this **3rd** day of **July, 2019**.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] It is unclear whether the statute of limitations may have run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).